UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWCO CAPITAL GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL SCUBA CENTER LLC, et al.,<br><br>Defendants. | Case No. 22-cv-00460-JST<br><br>**ORDER REMANDING ACTION**<br><br>Re: ECF No. 10 |

Defendant Michael Scott Fitzgerald removed this action from the Supreme Court of New York, Kings County. ECF No. 1. The case should have been removed, if at all, to the Eastern District of New York instead of to this district. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Accordingly, the notice of removal was ineffective and this Court is without jurisdiction.

28 U.S.C. § 1447(c) provides, in relevant part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "It is well-established that a remanded case must return to the state court from which it was removed." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman & Mary Kay Kane, Federal Practice and Procedure § 3739 (Rev. 4th ed.).

While "the district court's authority to remand to a state court in a state outside its jurisdiction is not immediately evident," *Faracchao v. Harrah's Ent., Inc.*, No. 06-1364 (RBK), 2006 WL 2096076, at *3 (D.N.J. July 27, 2006), at least one court has done exactly that. In *Bloom v. Barry*, 755 F.2d 356 (3d Cir. 1985), the defendant improperly removed a case to the

Southern District of Florida from Florida state court, then moved successfully to transfer the action to the District of New Jersey. *Id.* at 356-57. The New Jersey district court entered an order remanding the case to the New Jersey state court, and the Third Circuit reversed. *Id.* at 357. As the *Bloom* court stated,

> "Remand" means "send back."  It does not mean "send elsewhere." The only remand contemplated by the removal statute is a remand "to the State court from which it was removed." 28 U.S.C. § 1447(d).

*Id.* at 358. Accordingly, the court held that "the order remanding to a New Jersey court was entered without legal authority [and] must be vacated," and directed the district court to consider whether to remand the case to the Florida state court. *Id.*

So here, the appropriate remedy is remand to the Supreme Court of New York, Kings County. The only alternative would be dismissal of the action, which would penalize the Plaintiff for the Defendant's error and work an injustice. This case is therefore remanded to the Supreme Court of New York, Kings County.

**IT IS SO ORDERED.**

Dated: April 13, 2022



JON S. TIGAR
United States District Judge